IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MAJDOLEEN A. KHATTAB, )
Administrator, Estate of Affan )
Mohamad Khattab, Deceased, )
)
           Plaintiff, )
)
v. )   Civil Action No. 3:21cv789–HEH
)
BERKLEY REGIONAL INSURANCE )
COMPANY, *et al.*, )
)
           Defendants. )

## MEMORANDUM OPINION
### (Denying Plaintiff's Motion to Dismiss Defendant's Counterclaim)

THIS MATTER is before the Court on Majdoleen A. Khattab's ("Plaintiff") Motion to Dismiss Counterclaim (the "Motion") filed on December 29, 2021, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 7.) Plaintiff filed suit against Berkley Regional Insurance Company ("Berkley") and Integon General Insurance Corporation ("Integon") in the Circuit Court for Henrico County, Virginia on November 15, 2021. (Notice of Removal at 1, ECF No. 1.) Berkley removed the action to this Court on December 15, 2021 (*id.*) and filed a Counterclaim for Declaratory Judgment (the "Counterclaim") on December 27, 2021 (ECF No. 5). The parties have submitted memoranda in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in

---

[1] Plaintiff brings this case as the Administrator of the Estate of her deceased spouse, Affan Mohamad Khattab (the "deceased").

the materials before it, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, the Court will deny the Motion.

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

While a motion to dismiss tests the sufficiency of a complaint, courts may consider documents that are either "explicitly incorporated into the complaint by reference" or "those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citations omitted). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit

prevails." *Id.* at 166 (alteration in original) (quoting *Fayetteville Invs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991). In considering such a motion, a party's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678. In this case, it is the Defendant's counterclaim that is at issue.

Viewed through the lens of the Rule 12(b)(6) standard of review, the facts are as follows. In October of 2021, Plaintiff filed a wrongful death action against Diane Elaine Harvey in the Circuit Court of Henrico County, Virginia. (Counterclaim ¶ 2, ECF No. 5.) She also served Berkley and Integon. (ECF No. 5-2 at 1.) The wrongful death action alleges that Harvey negligently operated a vehicle that struck and killed the deceased while he was working as a driver for Richmond Express, Inc. ("Richmond Express"). (Counterclaim ¶¶ 7–8.) The vehicle the deceased was driving was owned by Richmond Express and insured by Berkley. (State Compl. ¶ 12, ECF No. 1-2.) The deceased was separately insured by Integon. (*Id.* ¶ 24.) In the underlying state tort suit, Plaintiff is seeking $10,000,000 in compensatory damages and $350,000 in punitive damages, however, the limit of Harvey's personal auto liability policy is only $100,000. (*Id.* ¶ 9.)

Plaintiff served the wrongful death action on Berkley and Integon on the grounds that Harvey was operating an "underinsured" vehicle as that term is defined in Virginia Code § 38.2-2206(B) and, thus, the Berkley and Integon policies, which contain underinsured motorist coverage, should supplement Harvey's insurance. (*Id.* ¶ 11.) The parties agree that the Integon policy contains underinsured motorist coverage of up to

3

$50,000. (*Id.* ¶ 24.) However, the parties contest the amount of underinsured motorist coverage in the Berkley policy. (*Id.* ¶ 25.) Plaintiff seeks a declaration that the "applicable limit of underinsured motorist coverage available under the Berkley policy for the accident and therefore for the claim pursued in [P]laintiff's wrongful death suit is $1,000,000.00." (*Id.* at 5–6.) Berkley argues that Richmond Express reduced the coverage to only $70,000 through a form titled "Virginia Selection of Lower Uninsured Motorists Coverage Limits." (ECF No. 5-4.)

Based on these facts, Berkley filed a Counterclaim for Declaratory Judgment seeking a declaration that Richmond Express validly reduced their underinsured vehicle coverage to a limit of $70,000. (Counterclaim ¶ 22.) Plaintiff filed the instant Motion arguing that the Court should dismiss Berkley's counterclaim because Richmond Express did not reduce the underinsured motorist coverage properly under Va. Code §§ 38.2-2202, 2206. (Mem. in Supp. at 5, ECF No. 8.)

In the Motion, Plaintiff is asking the Court to dismiss Berkley's Counterclaim with prejudice because "even if all of its allegations were true, Berkley would not be entitled to the relief it now seeks." (*Id.* at 9.) As discussed above, the Counterclaim asks the Court to declare that the underinsured motorist coverage provided by Berkley was reduced to $70,000. In contrast, Plaintiff's Complaint asks the Court to declare that the underinsured motorist coverage remained at $1,000,000.

The Counterclaim clearly meets the Rule 12(b)(6) standard. It "provide[s] 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner*, 930 F.3d at 644 (quoting *Iqbal*, 556 U.S. at 678). It also puts Plaintiff on

notice of what Berkley's counterclaim is and the grounds they rest that claim upon. *Ray*, 948 F.3d at 226. Ultimately, Berkley and Plaintiff are both seeking a declaration as to the limit of underinsured motorist coverage in the policy, and both properly pled their claim for relief.

Plaintiff correctly points out that the Court may consider documents attached to a complaint. *Goines*, 822 F.3d at 165–66. Berkley attached a copy of the policy to its Counterclaim (ECF No. 5-2), including the notice to the policy holder that they may reduce the uninsured motorist coverage (ECF No. 5-3), and the form Richmond Express allegedly used to reduce the uninsured/underinsured motorist coverage (ECF No. 5-4). Plaintiff claims that the form Richmond Express sent to Berkley to reduce the coverage is ineffective because it did not reduce the underinsured motorist coverage in the way required by Va. Code §§ 38.2-2202, 2206. (Mem. in Supp. at 5.) Specifically, they take issue with the fact that the form referred to only "uninsured" motorist coverage in the title and throughout except for one reference to "underinsured" motorist coverage. (*Id.* at 7–8.) They argue that, to properly reduce the coverage in accordance with Va. Code § 38.2-2206, the notice and form must use the language "uninsured/underinsured," referencing the two collectively. (*Id.*) However, considering those documents in the light most favorable to Berkley, the Court still finds that the Counterclaim, on its face, pleads sufficient facts and a plausible claim for relief.

Further, dismissing the Counterclaim at this stage would require the Court to reach the ultimate issue of the case. *See Tobey*, 706 F.3d at 387 (noting a Court should not consider the merits of a claim when deciding a motion to dismiss). The Court would

essentially be deciding the dispositive issue of the matter, specifically whether the policy limit for underinsured motorist coverage was $1,000,000 or $70,000. That decision is not proper at the Rule 12(b)(6) stage. Consequently, Plaintiff's Motion to Dismiss will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: January 31, 2022
Richmond, Virginia